**Tony C. HEIM, Appellant,**

v.

**UNITED STATES of America, acting by and through the Department of Agriculture, and John Block, Secretary of the Department of Agriculture, Appellees.**

No. 81–2378.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1982.

Decided June 22, 1982.

---

Theodore M. Grossman, Dept. of Justice Civil Division, Washington, D. C., for United States.

Richard H. Wendt, Asst. Atty. Gen., Pierre, S. D., for State of S. D.

James M. Cremer, Aberdeen, S. D., for appellant.

Before ARNOLD, Circuit Judge, MILLER,* Associate Judge, and COLLINSON,** Senior District Judge.

ARNOLD, Circuit Judge.

Tony C. Heim owns 40 elk located on a ranch in Faulk County, South Dakota. Twenty of Heim's elk have reacted positively to tests for bovine tuberculosis. The South Dakota Department of Health has brought suit in a state court seeking the destruction of the elk and relying on a declaration by its Secretary that the herd is an immediate health hazard. Heim called upon the Secretary of Agriculture of the United States to exercise his authority under 21 U.S.C. § 114a to declare an emergency, have Heim's elk destroyed, and pay Heim indemnity in the amount of $79,500, which plaintiff claims is the replacement cost of his herd. When the Secretary refused, Heim brought suit under 28 U.S.C. § 1361 for a writ of mandamus to compel the Secretary to take the action requested, and the state court stayed its own proceedings pending the outcome of the federal suit. The District Court[1] dismissed the complaint. We hold that the Secretary's actions are not clearly outside the authority delegated to him by Congress, and we therefore affirm.

We start with the words of the statute. It provides, in pertinent part, that

> The Secretary of Agriculture ... is authorized to control and eradicate any communicable diseases of livestock or poultry, including, but not limited to, tuberculosis and paratuberculosis of animals ... which in the opinion of the Secretary constitute an emergency and threaten the livestock industry of the country, including the payment of claims growing out of the destruction of animals ... affected by or exposed to any such disease, in accordance with such regulations as the Secretary may prescribe.

21 U.S.C. § 114a. The Secretary declined to use this authority with respect to Heim's herd for two reasons. First, the Tuberculosis Eradication Program, since its inception, has been used for the eradication of tuberculosis in only cattle and swine. Indemnity

---

* The Hon. Jack R. Miller, Associate Judge, United States Court of Customs and Patent Appeals, sitting by designation.

** The Hon. William R. Collinson, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

has not been paid for any other species. Indeed, the Secretary's regulations dealing with bovine tuberculosis, 9 C.F.R. §§ 50.1 et seq., apply only to cattle and swine. Second, the Secretary stated that "[a]fter carefully considering the situation in South Dakota, the Department has decided that the public interest would best be served by continuing to allocate our limited resources to existing disease control programs."

Heim points out that the statute does not mention either of these considerations in describing the authority that Congress has given the Secretary. The decision not to indemnify him, therefore, was based on unlawful considerations, and he is entitled to relief. We disagree. We note, to begin with, that the statute does not *require* the Secretary to do anything. It simply authorizes him to control and eradicate communicable diseases under certain circumstances. Even the permissive authority to act exists only with respect to diseases "which in the opinion of the Secretary constitute an emergency and threaten the livestock industry of the country ...." Obviously Congress intended to rely heavily on the Secretary's judgment as to when his authority should be invoked. The resources of Government are not infinite, and officials must decide every day where public money can be best spent within the broad limits of their statutory authority. Such considerations are hardly illegitimate. This is not a case like *State Highway Commission of Missouri v. Volpe*, 479 F.2d 1099 (8th Cir. 1973), cited by plaintiff, of failure of a governmental official to expend money appropriated by Congress. Rather, the Secretary of Agriculture has simply decided that appropriated funds are better spent on cattle and swine than on elk. We are not persuaded that this decision is arbitrary, capricious, or contrary to law. The courts therefore have no warrant for intervention, either by writ of mandamus or otherwise.

The parties have also briefed questions of standing and sovereign immunity. They need not be reached on this appeal, and we express no view on them.

The judgment is affirmed.